**Sulaiman JALLOH, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.**

**15-391 NAC**

United States Court of Appeals, Second Circuit.

September 2, 2016

FOR PETITIONER: Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT: Benjamin C. Mizer, Acting Assistant, Attorney General; John S. Hogan, Assistant Director; Jennifer P., Levings, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

PRESENT: JON O. NEWMAN, DENNIS JACOBS, GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Petitioner Sulaiman Jalloh, a native and citizen of Sierra Leone, seeks review of a January 13, 2015, decision of the BIA, affirming a July 25, 2013, decision of an Immigration Judge ("IJ") denying Jalloh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sulaiman Jalloh,* No. A095 569 350 (B.I.A. Jan. 13, 2015), *aff'g* No. A095 569 350 (Immig. Ct. N.Y. City July 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir. 2009).

The pre-REAL ID Act credibility standard set forth in *Secaida–Rosales v. INS,* 331 F.3d 297 (2d Cir. 2003), applies to this case because Jalloh first applied for asylum in 2002 and his amended application was based on the same claim. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106 n.2 (2d Cir. 2006); *see also Matter of M–A–F–,* 26 I. & N. Dec. 651 (B.I.A. 2015). That standard requires that an adverse credibility determination be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales,* 331 F.3d at 307–08 (internal quotation marks and citations omitted). Inconsistencies need not be fatal if they are "minor and isolated," and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000). Stated another way, the credibility determination must be based on "material inconsistencies that

'reach[ ] to the heart of the claim' of perse-
cution." *Xian Tuan Ye v. Dep't of Home-
land Sec.*, 446 F.3d 289, 297 (2d Cir. 2006).

"Our review of the IJ's credibility find-
ings is highly deferential, and the IJ's
administrative findings of fact are conclu-
sive unless any reasonable adjudicator
would be compelled to conclude to the
[illegible] ... [illegible]
[illegible] marks and citations omitted).
"Where the IJ's adverse credibility finding
is based on specific examples in the record
of inconsistent statements by the asylum
applicant about matters material to his
claim of persecution ... a reviewing court
will generally not be able to conclude that
a reasonable adjudicator was compelled to
find otherwise." *Id.* (internal quotation
marks and citations omitted).

Jalloh does not contest the presence of
the inconsistencies about whether he car-
ried stolen property and ammunition for
the Revolutionary United Front or argue
that they were adequately explained; rath-
er, he contends that those inconsistencies
do not go to the heart of his claim. He is
incorrect. In *Diallo*, we characterized as
"minor and isolated" certain inconsisten-
cies over petitioner's place of birth and
residence, the date of his arrest, and the
amount of time he spent in prison and in a
refugee camp. 232 F.3d at 288. Here, how-
ever, the inconsistencies directly relate to
aspects of the alleged mistreatment suf-
fered by Jalloh and therefore bear a legiti-
mate nexus to the basis of his application.
*See Xian Tuan Ye*, 446 F.3d at 294 ("[W]e
agree with the BIA's assessment that [the
applicant's] inconsistent statements con-
cerning the nature of his mistreatment
support the IJ's adverse credibility find-
ing."); *Zhou Yun Zhang v. INS*, 386 F.3d
66, 77 (2d Cir. 2004) (finding that inconsis-
tencies concerning petitioner's wife's
forced sterilization "were not the sort of
'minor and isolated' discrepancies so plain-
ly immaterial to a persecution claim that
no reasonable fact-finder could use them
as a basis for an adverse credibility ruling"
(citation omitted)), *overruled on other
grounds, Shi Liang Lin v. U.S. Dep't of
Justice*, 494 F.3d 296 (2d Cir. 2007).

Although reasonable minds could reach
"we will not weigh the inconsistencies for
ourselves to see if we would reach the
same conclusions as the IJ; rather, our
review is an exceedingly narrow one."
*Liang Chen v. U.S. Atty. Gen.*, 454 F.3d
103, 107 (2d Cir. 2006) (internal quotation
marks and citations omitted). Because the
inconsistencies about Jalloh's forced labor
would allow a reasonable adjudicator to
disbelieve his account of his persecution,
the credibility determination is supported
by substantial evidence. *See id.* Given that
substantial evidence supports the adverse
credibility determination, the agency's de-
nial of Jalloh's applications for asylum,
withholding of removal, and CAT relief
was proper because each claim rested on
the same factual predicate. *Paul v. Gon-
zales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition
for review is DENIED. Petitioner's pend-
ing request for oral argument in this peti-
tion is DENIED in accordance with Fed-
eral Rule of Appellate Procedure 34(a)(2),
and Second Circuit Local Rule 34.1(b).